UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

MARY ANN DODSON,  Civil Action No.: 2:16-cv-00104
  Honorable Waverly D. Crenshaw, Jr.
Plaintiff,  Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER
OF SOCIAL SECURITY,

Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR JUDGMENT ON
THE ADMINISTRATIVE RECORD [ECF NO. 15]**

Plaintiff Mary Ann Dodson appeals a final decision of Defendant Commissioner of Social Security (Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act (the Act). Dodson has filed a motion for judgment on the administrative record, the Commissioner has responded, and the matter has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The Court finds that the administrative law judge's (ALJ) decision is supported by

---

[1] In January 2018, this Court entered an order granting the Commissioner's motion to substitute transcript [ECF No. 19] and strike the original transcript [ECF No. 10]. [ECF No. 20].

substantial evidence, and thus **RECOMMENDS** that Dodson's motion **[ECF No. 15]** be **DENIED**.

## I. BACKGROUND

### A. Dodson's Background and Disability Applications

Dodson filed her applications for disability benefits in July 2013, and alleged disability beginning December 31, 2012, when she was 40 years old. [Tr. 21, 191-97, 198-204]. She has a twelfth grade education and is able to communicate in English. [Tr. 34]. She has past relevant work as a production assembler. [Tr. 23]. Dodson initially alleged disability due to a broken pelvis she sustained in a car wreck. [Tr. 82].

After a hearing, in August 2015, ALJ Todd Spangler issued an unfavorable decision. [Tr. 18-41, 44-81]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Dodson timely filed for judicial review. [Tr. 1-7; ECF No. 1].

### B. The ALJ's Application of the Disability Framework

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps. First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. §§ 1520(a)(4), 416.920(a)(4).[2] Second, if the claimant has not had a severe impairment or a combination of such impairments for a continuous period of at least 12 months, no disability will be found.[3] [*Id.*] Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. [*Id.*] If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity (RFC), and will find the claimant not disabled if he or she can still do past relevant work. [*Id.*] At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. [*Id.*] The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

---

[2] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[3] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities." § 1520(c).

Applying this framework, the ALJ concluded that Dodson was not disabled. At the first step, the ALJ found that Dodson had not engaged in substantial gainful activity since her alleged onset date. [Tr. 22]. At the second step, he found that Dodson has the severe impairments of history of left-sided pelvic fractures with minimal displacement; degenerative disc disease of the lumbosacral spine status post-January 2013 lumbar fusion; and obesity. [Tr. 24]. Next, the ALJ concluded that none of Dodson's severe impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [Tr. 25].

Between steps three and four, the ALJ found that Dodson had the RFC to perform light work,[4] with the following limitations: "she can lift twenty pounds occasionally and ten pounds frequently. The claimant can climb ramps and stairs occasionally, and she can climb ladders, ropes, and scaffolding occasionally. The claimant is limited to occasional balancing,

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

4

stooping, kneeling, crouching, and crawling." [Tr. 26]. At the fourth step, the ALJ found that Dodson could perform past relevant work as a production assembler, which is light, unskilled work with a specific vocational preparation (SVP) of two. [Tr. 34]. With the assistance of VE testimony, the ALJ determined at step five that, based on Dodson's age, education, work experience and RFC, she could also perform the alternative jobs of production laborer and hand packer. [Tr. 25]. As such, the ALJ concluded that Dodson had not been under a disability from December 31, 2012, through the date of his decision. [Tr. 25].

## II. ANALYSIS

### A.

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining

5

whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Dodson argues that the ALJ erred by giving more weight to the opinions of the reviewing physicians than to the opinion of the consultative physician, and that the ALJ made an erroneous credibility determination. The Court concludes that substantial evidence supports the ALJ's findings.

**B.**

Dodson first argues that the ALJ erred by giving less weight to the opinion of consultative physician Terrence Leveck, M.D., than to the opinions of the reviewing physicians Kanika Chaudhuri, M.D., and Karla Montague-Brown, M.D. [ECF No. 16, PageID 895]. The Court notes at the outset that Dodson's argument on this point is underdeveloped such that it can be considered waived. [*See* ECF No. 16, PageID 895-96]. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997)) (internal quotation marks and citation omitted). Dodson's argument here is both legally and factually lacking, and the Court has no obligation to scour the record on her behalf. *Karger v. Comm'r of Soc. Sec.*,

6

414 F. App'x 739, 754 (6th Cir. 2011).

Dodson's argument is also without merit. She essentially claims that Dr. Leveck's opinion demanded more weight than the opinions of the reviewing physicians because as an examining physician he was in a better position to evaluate her. While the regulations state that more weight will generally be given "to the opinion of a source who has examined you that to the opinion of a source who has not," there is no bright-line rule. 20 C.F.R. § 404.1527(d)(1); *Dragon v. Comm'r of Soc. Sec.,* 470 F. App'x 454, 464 (6th Cir. 2012). Indeed, there are times when non-examining physicians' opinions are properly given the most weight, depending on the "degree to which they provide supporting explanations for their opinions," and the consistency between the opinions and the medical evidence of record. *Dragon,* 470 F. App'x at 464, *citing* 20 C.F.R. § 404.1527(d)(3)(4).

Here, the ALJ sufficiently explained his reasons for affording more weight to the non-examining consulting physicians than to the examining physician of record. In September 2013, Dr. Chaudhuri opined that Dodson was capable of performing light work generally, concluding that she could lift 20 pounds occasionally and ten pounds frequently. [Tr. 33, 102-04, 114-16]. Dr. Chaudhuri also concluded that Dodson was limited in climbing ramps, stairs, ladders, ropes, and scaffolds, as well as balancing,

7

kneeling, crouching, and crawling occasionally. [*Id.*] In a January 2014 opinion, Disability Determination Services (DDS) medical consultant, Dr. Montague-Brown, made the same conclusions regarding Dodson's physical limitations. [Tr. 127-29; 139-41].

The ALJ noted that both reviewing physicians were experienced in reviewing medical records, had considered all available evidence prior to providing their opinions, and supported their opinions with citations to the objective medical findings. [Tr. 33]. Their opinions were internally consistent, and were consistent with Dodson's physical examinations which revealed relatively few functional abnormalities. [*Id.*] In contrast, the opinion of Dr. Leveck, a DDS consultative medical examiner, was internally inconsistent and not supported by his examination findings, and thus the ALJ assigned it little weight. [*Id.*] The ALJ also noted that Dr. Chaudhuri and Dr. Montague-Brown had the opportunity to consider more of the available evidence than Dr. Leveck. [*Id.*].

Dodson's brief argument does not specifically challenge any of the ALJ's reasoning for the weight that he gave the medical opinions, and the Court finds no error.

**C.**

Dodson also contends that the ALJ made an improper credibility determination when he ignored the record evidence supporting her allegations of pain and restricted activity. [ECF No. 16, PageID 896]. Credibility determinations of witnesses are within the province of the ALJ and should not be disturbed "absent compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). At the same time, "such determinations must find support in the record." *Rogers*, 486 F.3d at 241.

In support of her argument, Dodson points to her reports of pain while being treated at Pain Management Group and to surgeon, William Schooley, M.D. She also alleges that her January 2013 surgery and accompanying imaging studies provide objective proof of disabling back pain. In finding Dodson's testimony of pain not entirely credible, the ALJ indicated that Dodson had provided inconsistent testimony regarding her pain. [Tr. 32]. Notably, at the hearing, Dodson testified that she only had "a little" pain, and then rated the severity of her pain an eight-out-of-ten just moments later. [Tr. 32, 70].

The ALJ additionally found that Dodson's pain severity ratings were inconsistent with her repeated reports that medication relieved her pain and improved her daily functioning. [Tr. 32; Tr. 574 ("relieved by medication"),

9

Tr. 584 ("relieved by medication"), Tr. 589 (mediations working well for pain relief and improvement of daily functions), Tr. 599 (medications working well…), Tr. 603 ("relieved by medication"), Tr. 606 ("relieved by medication"), Tr. 623 ("relieved by medications"), Tr. 627 ("relieved by medication"), Tr. 631 ("relieved by medication"), Tr. 635 ("medications helping with pain"), Tr. 643 ("relieved by medication"), Tr. 755 (improves pain)]. It is appropriate for an ALJ to consider the effects of medications on alleged symptoms. *Hardaway v. Sec'y*, 823 F.2d 922, 927 (6th Cir. 1987) (evidence of medical improvement using prescription medications supports the denial of benefits); 20 CFR § 416.924a(b)(9)(i) (ALJs may consider the "effects of medication on [a claimant's] symptoms, signs, laboratory findings, and functioning.").

The ALJ also reasonably considered Dodson's daily activities in assessing her credibility, including cooking, shopping, attending church, and caring for her nine-month old granddaughter. [Tr. 32, 247-48, 819]. As a matter of law, an ALJ may consider household and social activities in evaluating complaints of disabling pain. *Crisp v. Sec'y of HHS*, 790 F.2d 450, 453 (6th Cir. 1986). While it is not proper to consider minimal daily functions that are atypical of work activities, the ALJ did not err when he considered Dodson's more robust daily activities as one factor in the

10

credibility determination.

Finally, throughout the decision, the ALJ noted that Dodson's relatively normal physical examination findings suggested that her pain was less severe than she claimed. The ALJ specifically noted that Dodson was stable and improving following surgery and that her surgeon reported that her lumbar spine looked "excellent." [Tr. 29-30, 316, 365]. Her surgeon also noted good leg strength and that she was walking without assistance, though she complained of pain. [Tr. 30, 481]. Of further import, the ALJ referenced objective medical evidence showing that, although Dodson complained of pain, her examinations were largely normal. [Tr. 32, 365, 367-71, 438, 452-54, 462-63, 468-70, 481, 684-85, 785, 812].

While the ALJ found Dodson to be not fully credible, he crafted an RFC that accounted for her reports of pain, her limited range of motion in her thoracolumbar spine, and the difficulty she showed with squatting at a consultative exam. [Tr. 33-34]. And though Dodson cites *Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir.1967), as stating, "A man is disabled within the meaning of the Act, if he can engage in substantial gainful activity only by enduring great pain," more recent opinions have emphasized that "under appropriate circumstances a claimant will be denied disability benefits if there is substantial evidence that he can work

11

despite the pain." *Bailey v. Comm'r of Soc. Sec.*, 623 F. Supp. 2d 889, 902–03 (W.D. Mich. 2009). "The factual determination as to whether appellant is able to work despite his pain is within the discretion of the ALJ." *Murphy v. Sec'y of Health & Human Servs.*, 765 F.2d 145 (6th Cir. 1985) (unpublished).

The ALJ's finding that Dodson can perform light work despite her pain is supported by substantial evidence, and there is no compelling reason to disturb his credibility determination.

### III. CONCLUSION

For the above stated reasons, the Court **RECOMMENDS** that Dodson's motion for judgment on the administrative record **[ECF No. 15]** be **DENIED**; and that the Commissioner's decision be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 14, 2018

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any

12

Case 2:16-cv-00104   Document 22   Filed 03/14/18   Page 12 of 13 PageID #: 1776

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.